UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-10123-RAR
(19-CR-10003-JLK-2)

**WILFREDO PAZ CUENU**,

    Movant,

v.

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

## ORDER DENYING MOTION TO VACATE

**THIS CAUSE** comes before the Court on Movant's *pro se* Amended Motion to Vacate under 28 U.S.C. § 2255 ("Amended Motion") [ECF No. 10]. Movant argues in the Amended Motion that his conviction for conspiracy to possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b), should be vacated because his trial counsel rendered ineffective assistance of counsel by failing to challenge the trial court's subject matter jurisdiction. *Id.* at 4. For the following reasons, the Court DENIES the Amended Motion.

## STANDARD OF REVIEW

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on a final judgment, pursuant to 28 U.S.C. § 2255, are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that: (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Thus, relief under § 2255 "is reserved for

transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citing *United States v. Frady*, 456 U.S. 152, 165 (1982)). If a court finds a claim under § 2255 valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence." 28 U.S.C. § 2255(b). The § 2255 movant "bears the burden to prove the claims in his § 2255 motion." *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015).

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, the movant must demonstrate "that (1) his counsel's performance was deficient and 'fell below an objective standard of reasonableness,' and (2) the deficient performance prejudiced his defense." *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 957 (11th Cir. 2016) (quoting *Strickland*, 466 U.S. at 687–88).

Regarding the deficiency prong, "a petitioner must establish that no competent counsel would have taken the action that his counsel did take" during the proceedings. *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000). If "some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial[,]" counsel did not perform deficiently. *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) (quoting *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992)).

As for the second prong, "a defendant is prejudiced by his counsel's deficient performance if 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Porter v. McCollum*, 558 U.S. 30, 40 (2009) (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. When, as in this case, a movant has pled guilty to the underlying offenses, the prejudice prong is modified so that the movant is instead required to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## **ANALYSIS**

Although the allegations in the Amended Petition are sparse and somewhat unclear, the Court is able to discern Movant's primary argument: counsel was ineffective for failing to file a motion to dismiss the charges against him on the basis that the trial court lacked subject matter jurisdiction. Amended Motion at 4. Movant appears to be arguing that the Indictment was deficient because the Government failed to either prove or allege that "Movant's vessel was stateless." *Id.* In its Response, the Government argues that any motion to dismiss would have been unsuccessful since "the master or the person in charge [of the vessel] was given the opportunity to make a claim of nationality for the vessel and did not. This clearly satisfied the definition of a vessel without nationality and subject to the jurisdiction of the United States." Response [ECF No. 14] at 9. The Court agrees with the Government that the record establishes that counsel was not ineffective.

The Constitution's "Define and Punish Clause" grants Congress the power to regulate certain criminal conduct that occurs on the "high seas." *See United States v. Davila-Mendoza*, 972

F.3d 1264, 1268 (11th Cir. 2020) ("[T]hat [clause] grants Congress power to 'define and punish Piracies and Felonies committed on the high Seas, and Offenses against the Law of Nations.'") (quoting U.S. Const. art. I, § 8, cl. 10). To that end, Congress passed the Maritime Drug Law Enforcement Act ("MDLEA") which prohibits the "knowing possession of controlled substances with intent to distribute aboard 'covered vessels.'" *United States v. Nunez*, 1 F.4th 976, 984 (11th Cir. 2021) (citing 46 U.S.C. § 70503(a)(1)). The MDLEA defines a "covered vessel" as either a "vessel of the United States" or a "vessel subject to the jurisdiction of the United States." 46 U.S.C. § 70503(e)(1). As relevant to this case, a vessel is "subject to the jurisdiction of the United States" if it is "in the customs waters of the United States or the territorial waters of a foreign nation that consents to the enforcement of United States law, if it is 'a vessel without nationality,' or in a few other circumstances." *Nunez*, 1 F.4th at 984 (emphasis added) (citing 46 U.S.C. § 70502(c)(1)). For the district court to have subject matter jurisdiction over an offense charged under the MDLEA, the Government must show that the "vessel was, when apprehended, subjected to the jurisdiction of the United States." *United States v. De La Garza*, 516 F.3d 1266, 1272 (11th Cir. 2008) (internal citation omitted).

A "vessel without nationality," otherwise known as a "stateless vessel," is—under customary international maritime law—a "smugglers' vessel" which purposely "offer[s] none of [the] customary signs of nationality." *Id.* at 985. Consequently, under international law, a "stateless vessel" is "subject to the enforcement jurisdiction of any nation on the scene, if it fails to display or carry insignia of nationality and seeks to avoid national identification." *United States v. Matos-Luchi*, 627 F.3d 1, 6 (1st Cir. 2010); *accord Nunez*, 1 F.4th at 985. The MDLEA considers a vessel to be "stateless" in three circumstances: (1) the master of the vessel "makes a claim of registry that is denied by the nation whose registry is claimed," (2) the master of the vessel

fails "to make a claim of nationality or registry for that vessel," and (3) the master of the vessel makes a claim of registry "for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality."[1]  46 U.S.C. § 70502(d)(1)(A)–(C).

In this case, the Court finds that counsel did not (and could not) perform deficiently by failing to challenge the subject matter jurisdiction of the trial court because the Government could have proven that Movant was onboard a "vessel without nationality" and, therefore, his conduct was within the subject matter jurisdiction of this court.  *See Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) ("Counsel was not ineffective for failing to raise these issues because they clearly lack merit.").  The Indictment in this case alleged that Movant was "on board a vessel subject to the jurisdiction of the United States[.]"  Indictment, No. 19-CR-10003-JLK (S.D. Fla. Mar. 1, 2019), ECF No. 9 at 1.  While this statement does not necessarily provide all of the facts needed to conclusively prove that the court has subject matter jurisdiction, it clearly "tracks the language of the statute" and provides enough information to "inform [Movant] of the specific offense, coming under the general description, with which he is charged."  *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003) (quoting *Russell v. United States*, 369 U.S. 749, 765 (1962)).  Since the Indictment clearly "set[s] forth the essential elements of the offense[,]" it lacked any defect which would warrant dismissal.  *United States v. Gayle*, 967 F.2d 483, 485 (11th Cir. 1992) (en banc); *see also* Fed. R. Crim. P. 12(b)(3)(B) (providing defects which warrant dismissal of an indictment).

The next, related question is whether counsel was ineffective for failing to specifically challenge the subject matter jurisdiction of the trial court itself.  Contrary to Movant's assertion

---

[1] The master of a vessel can make a claim of registry by either producing "documents evidencing the vessel's nationality as provided in article 5 of the 1958 Convention on the High Seas," "flying its nation's ensign or flag," or making a "verbal claim of nationality or registry[.]"  46 U.S.C. § 70502(e).

that the Government "did not prove or [meet] its burden [that] Movant's vessel was stateless and therefore 'Subjet [sic] to U.S. Jurisdiction[,]'" the Government did possess evidence that would have proven that the vessel was stateless. Prior to pleading guilty, Movant signed and agreed to the following factual proffer:

> On January 30, 2019, while on patrol in the Eastern Pacific [Ocean], United States Coast Guard (USCG) Cutter *VENTUROUS* detected a go-fast vessel (GFV) approximately 175 nautical miles northeast of Darwin Island, Galapagos Islands, Ecuador <u>in international waters and upon the high seas</u>.
>
> [. . . .]
>
> The GFV had three individuals on board who were later identified as [Movant and the codefendants]. [The codefendant] identified himself as the master of the vessel. <u>The GFV did not display a name, homeport, flag or any other indicia of nationality. [The codefendant] failed to make a claim of nationality for the vessel.</u> Based on the failure to make a claim of nationality for the vessel, pursuant to international law, the vessel was deemed a vessel without nationality and, therefore, subject to the jurisdiction of the United States.

Factual Proffer [ECF No. 14-1] at 1–2 (emphasis added). The factual proffer establishes all of the necessary facts needed to show that Movant was onboard a stateless vessel which was subject to the jurisdiction of the United States. First, it provides that the vessel was traveling in "international waters and upon the high seas" and not in the territorial waters of a foreign country. *Cf. Davila-Mendoza*, 972 F.3d at 1268 (explaining that the MDLEA does not apply in "foreign territorial waters" but does apply "on the high seas"). Second, it establishes one of the MDLEA's three definitions for a "vessel without nationality" by showing that the master of the vessel "fail[ed], on request of an officer of the United States authorized to enforce applicable provisions of United States law, to make a claim of nationality or registry of the vessel[.]" 46 U.S.C. § 70502(d)(1)(B). Third, it emphasizes that the ship lacked any other "indicia of nationality"—be it a document, flag,

or ensign—which would have allowed the Coast Guard to conclude that the master of the vessel was making some other claim of nationality or registry.  *See* 46 U.S.C. § 70502(e).

By signing the factual proffer, Movant agreed that "there is enough of a factual basis for the Court to make a finding that the vessel in this case was a vessel without nationality and, thus, pursuant to Title 46, United States Code, Section 70502(c), is a vessel subject to the jurisdiction of the United States."  Factual Proffer [ECF No. 14-1] at 3; *see also* Plea Hearing Tr. [ECF No. 14-3] at 41 (establishing that the Movant agreed that the factual proffer was "correct").  Importantly, by agreeing to the factual proffer, Movant <u>also</u> agreed that the Government <u>could have proven those same facts at trial</u>.  *See* Factual Proffer [ECF No. 14-1] at 1 ("Should this case have proceeded to trial, the United States would be able to prove the following beyond a reasonable doubt:"); *see also United States v. Bynum*, 785 F. App'x 650, 659–60 (11th Cir. 2019) (rejecting a claim that a "plea was not supported by a sufficient factual basis" where the movant conceded that "the Government would have been able to prove the facts within the factual proffer beyond a reasonable doubt").

While a defendant "may not stipulate to jurisdiction," he or she <u>may</u> agree to the "underlying facts that bear on the jurisdictional inquiry[.]"  *United States v. Grimon*, 923 F.3d 1302, 1307 (11th Cir. 2019).  The instant case is nearly identical to the Eleventh Circuit's decision in *De La Garza*, where the court affirmed that the trial court had subject matter jurisdiction over an MDLEA offense after the defendant agreed in open court that the Government could prove that "the conspiracy involved a 'vessel without nationality.'"  516 F.3d at 1272.  Accordingly, by signing the factual proffer, Movant not only agreed that the Government could prove that he was traveling aboard a "stateless vessel" that was subject to the jurisdiction of the United States but also precluded him from claiming that the evidence which induced his guilty plea no longer exists.

*See Bynum*, 785 F. App'x at 660–61 (holding that a factual proffer is sufficient to establish the factual basis of a plea); *Torres v. United States*, No. 17-CIV-20623, 2018 WL 11225716, at *4 (S.D. Fla. Mar. 9, 2018) ("Movant stipulated to the facts contained in the factual proffer that establish that no one claimed to be the master of the vessel or person in charge, and none of the crew members claimed nationality for the vessel. . . . This is sufficient to establish jurisdiction under the MDLEA."), *report and recommendation adopted*, 2018 WL 11225714 (S.D. Fla. Apr. 16, 2018).  The Court finds that counsel could not have successfully challenged the subject matter jurisdiction of the trial court; therefore, Movant has failed to state a cognizable ineffective assistance of counsel claim.[2]

## EVIDENTIARY HEARING

No evidentiary hearing is warranted in this matter.  *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) ("[A] district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record.") (cleaned up).

## CERTIFICATE OF APPEALABILITY

After careful consideration of the record in this case, the Court declines to issue a certificate of appealability ("COA").   A habeas petitioner has no absolute entitlement to appeal a district

---

[2] The Government's Response also contends that Movant raised two additional ineffective assistance of counsel claims: counsel failed to "file objections to the PSI" and failed to "file a Notice of Appeal." Response at 5.  The Court does not believe that the Movant actually raises these claims, but, if he did, it would agree with the Government that these claims would also fail.  *First*, trial counsel <u>did</u> file objections to the PSI, and so any allegation to the contrary is flatly refuted by the record.  *See* Objections to Presentence Investigation Report, No. 19-CR-10003-JLK (S.D. Fla. Nov. 1, 2019), ECF No. 57.  *Second*, counsel could not have been ineffective for failing to file an appeal since any appeal challenging the subject matter jurisdiction of the trial court would have been unsuccessful for the reasons the Court just explained.  *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) ("Chandler's appellate counsel was not ineffective for failing to raise a nonmeritorious issue.").

court's final order denying his habeas petition. Rather, to pursue an appeal, a petitioner must obtain a COA. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009).

Issuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, litigants must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find the correctness of the Court's rulings debatable. Accordingly, a COA is denied and shall not issue.

## CONCLUSION

Having carefully reviewed the record and governing law, it is

**ORDERED AND ADJUDGED** that the Amended Motion [ECF No. 10] is **DENIED**. Any demands for an evidentiary hearing are **DENIED**, and a certificate of appealability shall **NOT ISSUE**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 29th day of June, 2022.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**

cc: Wilfredo Paz Cuenu
　　 18003-104
　　 North Lake Correctional Facility
　　 Inmate Mail/Parcels
　　 P.O. Box 1500
　　 Baldwin, MI 49304
　　 PRO SE

　　 Allyson Fritz
　　 United States Attorney's Office

99 NE 4 Street
Miami, FL 33132
Email: Allyson.fritz@usdoj.gov

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov